## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BRIAN DOUGHERTY                     :
28 Lubold Road                      :
Pottstown, PA 19465,                :     Case No. _____
                                    :
        Plaintiff,            :
                                    :
    v.                            :
                                    :
WEST PHARMACEUTICAL SERVICES        :
530 Herman O. W. Drive              :
Exton, PA  19341                    :
                                    :
        Defendant.            :
                                    :

### NOTICE OF REMOVAL

Defendant West Pharmaceutical Services, Inc.[1] ("West") by and through its undersigned counsel and pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, hereby removes this action from the Court of Common Pleas of Chester County to the United States District Court for the Eastern District of Pennsylvania.  In support of its Notice of Removal ("Notice"), West respectfully states as follows:

## I.      PROCESS, PLEADINGS, AND ORDERS

1.      On July 18, 2022, Plaintiff Brian Dougherty filed an action in the Court of Common Pleas of Chester County, Pennsylvania, against West Pharmaceutical Services, Docket No. 2022-05305-CT (the "State Court Action").

2.      Plaintiff asserts age discrimination claims under the Age Discrimination in Employment Act ("ADEA") and the Pennsylvania Human Relations Act ("PHRA").  Specifically,

---

[1] West Pharmaceutical Services, Inc. is incorrectly identified in the caption as "West Pharmaceutical Services."

Plaintiff claims that West violated the ADEA and PHRA when it allegedly discriminated against Plaintiff based on his age when it failed to hire him and hired a younger job applicant.

3.      Plaintiff served a Summons, a Complaint, and a Civil Cover sheet upon West on July 21, 2022, at its facility in Exton, Pennsylvania. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, documents, and pleadings served upon West are attached hereto as "Exhibit A."

4.      This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) because it is being filed within thirty days of the service of the Complaint upon West.

## II.    VENUE

5.      Because the Court of Common Pleas of Chester County lies in the Eastern District of Pennsylvania, this Court is the appropriate venue for removal. *See* 28 U.S.C §§ 118(a) and 1441(a).

## III.   FEDERAL QUESTION JURISDICTION EXISTS UNDER 28 U.S.C. § 1331

6.      This Court has jurisdiction under 28 U.S.C. § 1331, which provides this Court with federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."

7.      Plaintiff alleges a violation of the ADEA (*See* Compl. at ¶¶ 19-28), which is a federal statute.  Where "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law," then the case arises under federal law within the meaning of Section 1331.  *Koresko v. Murphy*, 464 F. Supp. 2d 463, 467 (E.D. Pa. 2006) (*quoting Empire Healthchoice Assurance, Inc. v. McVeigh*, 126 S. Ct. 2121, 2131 (2006)).  Because Plaintiff seeks relief under federal law, this Court has original jurisdiction over his ADEA claim.

8.      Pursuant to 28 U.S.C. § 1367(a), this Court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case and controversy under Article III of the United States Constitution."

9.      Plaintiff incorporates all the allegations in his Complaint into each count of the Complaint, and the factual allegations related to Plaintiff's state law claim are the same allegations related to Plaintiff's federal law claim.  (*See* Compl. at ¶¶ 20, 29.)

10.     Accordingly, this Court has supplemental jurisdiction over the remainder of the case under 28 U.S.C. § 1367(a).

## IV.    COMPLIANCE WITH PROCEDURAL REQUIREMENTS

11.     Plaintiff served West on July 21, 2022.

12.     This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), as it is being filed on August 5, 2022, which is within thirty days of West's receipt of the Complaint.

13.     In accordance with 28 U.S.C. § 1446(d), West has filed this Notice with this Court, is serving a copy of this Notice upon counsel for Plaintiff and is filing a copy of this Notice in the Court of Common Pleas of Chester County.

14.     West reserves the right to submit further evidence supporting this Notice should Plaintiff move to remand.

## V.     CONCLUSION

Having fulfilled all statutory requirements, West respectfully requests that the instant action pending against it in the Court of Common Pleas of Chester County, Pennsylvania, be removed to this Court, and requests that this Court assume full jurisdiction over this matter as provided by law.

*s/ Tanner McCarron*

Paul J. Sopher (PA No. 313543)
Tanner McCarron (PA No. 327855)
**LITTLER MENDELSON, P.C.**
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA  19102.1321
267.402.3000 (t)
267.402.3131 (f)
tmccarron@littler.com
psopher@littler.com

Attorneys for Defendant
West Pharmaceutical Services, Inc.

Dated: August 5, 2022

## <u>CERTIFICATE OF SERVICE</u>

I, Tanner McCarron, hereby certify that on this 5th day of August, 2022, I caused the foregoing Notice of Removal and all exhibits thereto to be served, via email and first class mail, upon the following:

Mary Lemieux-Fillery, Esquire
Two Penn Center, Suite 1240
1500 John F. Kennedy Blvd.
Philadelphia, PA  19102
Maryf@EricShore.com

_s/ Tanner McCarron_____
Tanner McCarron

Dated:  August 5, 2022